UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Case No. 1:13-CV-1018 (MAD/RFT)

JAMES KARAM and LISA KARAM,

                Plaintiffs,

      -against-

COUNTY OF RENSSELAER, NEW YORK;  JACK MAHAR, in his individual and official capacity as the Sheriff of Rensselaer County; PATRICK RUSSO, in his individual and official capacity as the Undersheriff of Rensselaer County; KATHLEEN JIMINO, in her individual and official capacity as the County Executive of Rensselaer County; RUTH VIBERT, in her individual and official capacity as Chief of Corrections of the Rensselaer County Sheriff's Department; HAROLD SMITH, in his individual and official capacity as a Captain of the Rensselaer County Sheriff's Department; TOM HENDRY, in his individual and official capacity as Director of Human Resources of Rensselaer County; LINDA BALDWIN, in her individual and official capacity as the Payroll Clerk of Rensselaer County;  and JOHN DOE(S) and JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees and/or representatives of Rensselaer County,

                Defendants.

**COMPLAINT**

Jury Trial Demanded

---

Plaintiffs James Karam[1] and Lisa Karam, by and through their attorneys, Bosman Law Firm, L.L.C., as and for a Complaint against Defendants, COUNTY OF RENSSELAER, NEW YORK; JACK MAHAR, in his individual and official capacity as the Sheriff of Rensselaer County; PATRICK RUSSO, in his individual and official capacity as the Undersheriff of Rensselaer County; KATHLEEN JIMINO, in her individual and official capacity as the County Executive of Rensselaer County; RUTH VIBERT, in her individual and official capacity as Chief of Corrections of the Rensselaer County Sheriff's Department; HAROLD SMITH, in his individual and official capacity as a Captain of the Rensselaer County Sheriff's Department; TOM HENDRY, in his individual and

---

[1] Unless otherwise noted, all references to "Plaintiff" are to James Karam.

official capacity as Director of Human Resources of Rensselaer County; LINDA BALDWIN, in her individual and official capacity as the Payroll Clerk of Rensselaer County;  and JOHN DOE(S) and JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees and/or representatives of Rensselaer County, allege as follows:

## PRELIMINARY STATEMENT

1.  This is an action under the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act"); the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA"); 42 U.S.C. § 1983 based on rights under the First and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. §§ 1981 and 1985;  the New York State Human Rights Law, N.Y. Exec. Law §§ 296, *et seq*. ("Human Rights Law"); the New York Civil Rights Law §§ 40-c and 79-n; the Constitution of the State of New York; and New York State common law.

## JURISDICTION

2.  The Court may properly exercise jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1343, and 1367.

## VENUE

3.  Venue is proper in the Northern District of New York pursuant to the provisions of 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiff James Karam is a natural person and at all times relevant hereto, a resident of the State of New York, County of Rensselaer.

5.  Plaintiff Lisa Karam is the wife of Plaintiff James Karam and at all times relevant hereto, also a resident of the State of New York, County of Rensselaer.

6. At all times relevant hereto, Defendant County of Rensselaer was a municipal corporation duly organized and existing under the laws of the State of New York and at all relevant times, maintains a place of business at 1600 7th Avenue, Troy, New York.

7. At all times relevant hereto, Defendant County of Rensselaer was an "employer" as that term is defined in the Human Rights Law. Further, said Defendant is a recipient of Federal financial assistance.

8. At all times relevant hereto, Defendant Jack Mahar was the duly elected Sheriff of Rensselaer County. At all times relevant hereto, Defendant Mahar was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, Defendant Mahar personally participated in the unconstitutional, unlawful, and tortious acts alleged herein. Further, upon information and belief, at all times relevant hereto, Defendant Mahar had authority and control over the other named individual Defendants and is responsible for, among other things, the training, supervision, discipline and conduct of the other named Defendants. He is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Rensselaer and for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States. Finally, Defendant Mahar has the authority to make policy for the Defendant County of Rensselaer such that his actions or inactions are imputed to the defendant municipality.

9. At all times relevant hereto, Defendant Patrick Russo was the duly appointed Undersheriff of Rensselaer County. At all times relevant hereto, Defendant Russo was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, Defendant Russo personally participated in the unconstitutional and unlawful acts alleged herein. Further, upon information and belief, at all times relevant hereto, Defendant Russo had authority and control over the other named

individual Defendants and is responsible for, among other things, the training, supervision, discipline and conduct of the other named Defendants. He is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Rensselaer and for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States. Finally, Defendant Russo has the authority to make policy for the Defendant County of Rensselaer such that his actions or inactions are imputed to the defendant municipality.

10. At all times relevant hereto, Defendant Kathleen Jimino was the duly elected County Executive of Rensselaer County. At all times relevant hereto, Defendant Jimino was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, upon information and belief, Defendant Jimino personally participated in the unconstitutional and unlawful acts alleged herein. Further, upon information and belief, at all times relevant hereto, Defendant Jimino had authority and control over the other named individual Defendants and is responsible for, among other things, the training, supervision, discipline and conduct of the other named Defendants. She is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Rensselaer and for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States. Finally, Defendant Jimino has the authority to make policy for the Defendant County of Rensselaer such that her actions or inactions are imputed to the defendant municipality.

11. At all times relevant hereto, Defendant Ruth Vibert was the duly appointed Chief of Corrections of Rensselaer County. At all times relevant hereto, Defendant Vibert was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, Defendant Vibert personally participated in the unconstitutional and unlawful acts alleged herein.

12. At all times relevant hereto, Defendant Harold Smith was a duly appointed Captain of the Rensselaer County Sheriff's Department. At all times relevant hereto, Defendant Smith was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, Defendant Smith personally participated in the unconstitutional and unlawful acts alleged herein.

13. At all times relevant hereto, Defendant Tom Hendry was the duly appointed Director of Human Resources of Rensselaer County. At all times relevant hereto, Defendant Hendry was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, upon information and belief, Defendant Hendry personally participated in the unconstitutional and unlawful acts alleged herein. Further, upon information and belief, at all times relevant hereto, Defendant Hendry had authority and control over the other named individual Defendants and is responsible for, among other things, the training, supervision, discipline and conduct of the other named Defendants. He is also responsible, by law, for enforcing the rules and regulations of the State of New York and County of Rensselaer and for insuring that employees of the Sheriff's Department obey the laws of the State of New York and the United States. Finally, Defendant Hendry has the authority to make policy for the Defendant County of Rensselaer such that his actions or inactions are imputed to the defendant municipality.

14. At all times relevant hereto, Defendant Linda Baldwin was the duly appointed Payroll Clerk of Rensselaer County. At all times relevant hereto, Defendant Baldwin was an "employer" and/or "aider or abetter" under the Human Rights Law. Additionally, Defendant Baldwin personally participated in the unconstitutional and unlawful acts alleged herein.

15. Defendants John Doe(s) and Jane Doe(s) are individuals not yet known to the Plaintiffs. Once their identities are ascertained, the names of those individuals will be substituted in place of

the John Doe(s) and/or Jane Doe(s) designations.

16. At all relevant times, each Defendant is responsible for the establishment and/or perpetuation of the unconstitutional and unlawful actions, policies, customs, practices and habits of the County of Rensselaer and also aided and abetted the unlawful conduct described herein. The Defendants all are equally responsible and legally accountable for the unlawful conduct of each other for failing to intercede and prevent the unconstitutional and unlawful conduct set forth herein.

17. During all times mentioned in this Complaint, Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the County of Rensselaer. At all times mentioned in this Complaint, Defendants acted either individually, jointly, and/or in concert with each other.

**CONDITIONS PRECEDENT**

18. On or about February 26, 2013, a verified Notice of Claim was served on the County of Rensselaer, New York.

19. A N.Y. Gen. Mun. Law § 50-h hearing was held on May 29, 2013 but payment of Plaintiffs' claims has not been made and Defendants have failed to provide a transcript of same despite request.

20. Plaintiffs have commenced the instant action within the time limits allotted therefor.

**FACTS**

21. Plaintiff he has been subjected to discrimination on account of his ancestry;  national origin;  disability;  perceived disability;  protected activity;  and/or expression of matters of public concern.

22. Plaintiff is of Arab ancestry.

23.  Plaintiff is an employee of the County of Rensselaer and its Sheriff's Department.  He has been so employed for the past 24 years.  At all times relevant hereto, Plaintiff held the position of Lieutenant with the Sheriff's Department and was most recently assigned to Internal Affairs.

24.  Plaintiff's ancestry is known to the Defendants as Defendant Sheriff, Jack Mahar, Defendant Undersheriff, Patrick Russo, and Defendant Captain Smith have made regular reference to Plaintiff's ancestry in degrading terms, including making statements to staff that Plaintiff could not work with a female supervisor because "Lebanese men do not like to answer to women" and that Plaintiff was "out feeding his camels".  Additionally, Defendant Undersheriff, Patrick Russo has made repeated reference to Plaintiff's ancestry during staff meetings, intentionally and/or negligently subjecting Plaintiff to ridicule, disparagement, degradation, and humiliation.

25.  When Plaintiff became eligible for promotion to the lieutenant's position, Defendant County of Rensselaer altered and/or changed the terms, conditions and privileges of Plaintiff's employment for the worse by eliminating overtime compensation for such position.  Upon information and belief, said change was motivated in whole or part by Plaintiff's ancestry or national origin.  After attempts were made by command staff to Unionize, Sheriff Mahar repeatedly threatened Plaintiff and other lieutenants with termination of their employment.

26.  Unlike similarly situated White officers of rank, Plaintiff was not given the necessary support personnel or resources to perform his job as commanding officer of Internal Affairs. Additionally, he was not afforded the same tools or resources to perform his job, including, but not limited to, a take home car and department cell phone.  The absence of support staff and resources interfered with and compromised Plaintiff's ability to do his job.

27.  In or about the months of March or April 2012 Plaintiff investigated allegations that

members of the Sheriff's Department violated the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by retrieving and examining private confidential medical records of Sheriff's Department personnel from Samaritan Hospital in Troy, New York without consent.

28. Additionally, on or about March or April 2012 Plaintiff testified at a sex discrimination hearing regarding charges against the Sheriff's Department involving a female employee, hereinafter referred to as the "Seabury matter".

29. There or around June, 2012, the Rensselaer County Attorney provided Defendant Mahar and others the transcripts of testimony from the Seabury matter including Plaintiff's testimony. Additionally, in or about this time, Plaintiff reported to Defendant Mahar that the supervising nurse engaged in multiple violations of HIPAA.

30. Defendant Mahar's attitude and treatment toward Plaintiff escalated and changed for the worse in or about the months of June and July 2012. He would yell at Plaintiff during staff meetings and Plaintiff's increased unrealistic and unreasonable demands, knowing full well the Plaintiff would not be able to meet said demands.

31. In or about August, 2012, as a direct result of the discriminatory, retaliatory, pervasive, and escalating negative treatment and unreasonable demands, Plaintiff suffered physical and psychological symptoms, sought medical treatment, and was taken out of work by his doctor.

32. Thereafter, also in or about August 2012, Plaintiff met with and advised County Attorney Brian Goldberger of his removal from work due to stress of the job and pursuant to doctor's orders. Plaintiff reported and complained to Goldberger about multiple matters implicating public concern including, *inter alia*, the unaddressed HIPAA violations as well as Defendant Mahar's obstruction

of criminal matters including an August, 2012 incident involving a purported friend who had been pulled over by a Rensselaer Sheriff's Deputy for driving recklessly. Plaintiff reported that he had learned that Mahar sought to obstruct the charges and ordered the deputy on the scene to refrain from charging the driver and instead write up a list of charges for his personal review. Upon information and belief, Defendant Mahar eliminated the more serious charges and directed the deputy to make the less serious charges returnable in a court where the incident did not occur. Further, on information and belief, Defendant Mahar knew of Plaintiff's complaints and reports of unlawful activity.

33. Plaintiff became disabled from working at his employment due to the severe stress, anxiety and emotional distress inflicted on him by his employer and/or agents thereof. Plaintiff has been diagnosed with and suffers from Post-Traumatic Stress Disorder, anxiety and depression. These conditions were caused and/or exacerbated by the unlawful actions and conduct of the Defendants against Plaintiff and as such, Plaintiff has a recognized disability under the ADA and Human Rights Law and/or is perceived by the Defendants as having such a disability.

34. As a result of the Defendants' actions and inactions and due to his disability caused and/or exacerbated by the Defendants and conditions of his employment, Plaintiff has been determined by his treating physicians to be unable to return to work.

35. As a result and pursuant to his doctor's directive, Plaintiff has been out of work since the end of August 2012. Plaintiff was thereafter again discriminated and/or retaliated against and forced to surrender his departmental firearm and keys and has had his access to departmental e-mail suspended even though, upon information and belief, other similarly situated employees have not. Upon information and belief, Defendants' aforementioned actions were motivated in whole or part

by Plaintiff's ancestry; national origin; disability; perceived disability; and/or protected activity/expression.

36. Additionally, the Defendants, in particular Defendant Sheriff Mahar and Defendant Chief of Corrections Vibert, unlawfully withheld personal mail addressed to Plaintiff and delivered to the Sheriff's Department by the United States Postal Service. Upon information and belief, Defendants' aforementioned actions were motivated in whole or part by Plaintiff's ancestry; national origin; disability; perceived disability; and/or protected activity.

37. On or about November 5, 2012, Plaintiff duly submitted a designated application for N.Y. Gen. Mun. Law § 207-c work-related disability with the County of Rensselaer pursuant to the laws of the State of New York. Plaintiff provided a fully completed § 207-c application as well as supporting medical documentation. Defendant County of Rensselaer unlawfully failed and/or deliberately refused to timely process Plaintiff's application for § 207-c benefits despite Plaintiff's repeated inquiries and requests for action. Other employees of the Sheriff's Department have had their applications for § 207-c benefits processed without delay. The failure and/or refusal to process Plaintiff's § 207-c benefits application in a timely manner was, upon information and belief, motivated by in whole or part by Plaintiff's ancestry; national origin; disability; perceived disability; and/or protected activity.

38. Beginning on or about November 28, 2012 Defendants Plaintiff stopped all pay to Plaintiff even though he had accrued sick leave, vacation time, and donated sick leave from other employees. On or about November 28, 2012, Defendant Mahar and John Doe(s) and Jane Doe(s) deliberately blocked payments to Plaintiff and instructed that Plaintiff not be allowed to draw on his sick leave time, vacation time, or the sick leave that was donated to him by other employees which,

upon information and belief, was more than 1000 hours. This was a breach of prior practice - a practice upon which Plaintiff relied on - and clearly designed to further harm the Plaintiff, particularly since others were allowed to receive disability benefits and collect sick leave donations even after a purported "policy" was put in place that allegedly prohibited such practice. Inexplicably, after this supposed "policy" was adopted, Defendant Mahar allowed employees to the exclusion of Plaintiff to receive their donated sick time and said "policy" was unconstitutional and only enforced against Plaintiff. Defendant Baldwin and others ceded to the enforcement of this unconstitutional and disparate policy and failed to make any attempt to correct it.

39. Additionally, Defendant Mahar threatened co-workers of the Plaintiff with the loss of benefits if they donated sick leave to the Plaintiff. On information and belief, such action caused employees to refrain and/or stop donating sick leave to Plaintiff and caused him additional humiliation and shame. After Plaintiff served a Notice of Claim on or about February 25, 2013, his accrued sick leave and vacation time was finally paid. At no time, however, was Plaintiff paid his donated sick time. Further, Plaintiff is duly entitled to Section 207-c benefits by virtue of Defendants' election to send Plaintiff for a medical examination as to the continuing nature of his qualifying disability.

40. The aforementioned deprivations of pay and refusal and/or failure of the Defendants to grant, deny or timely process Plaintiff's 207-c application for disability benefits was, in all respects, with deliberate and/or reckless disregard for the rights and the health and welfare of the Plaintiff and his family. Upon information and belief, the failure and refusal to timely process Plaintiff's 207-c application and to allow him to collect his accrued sick and vacation time (prior to the service of said Notice of Claim) as well as the time that was donated to him was motivated in whole or part by

Plaintiff's ancestry; national origin; disability; perceived disability; and/or protected activity.

41. Additionally, Defendants subjected Plaintiff to disparate treatment and contested Plaintiff's application for Workers' Compensation benefits unlike other employees in similar circumstances including, but not limited to the supervising nurse who committed HIPAA violations who was allowed to retire and also collect Workers' Compensation benefits without contest by Defendants.

42. Finally, despite being named personally in and thus aware of Plaintiffs' Notice of Claim which was served in February 2013, Defendants Jimino and Hendry failed and/or refused to act to correct the unlawful and unconstitutional acts set forth herein and thus aided and abetted the other Defedants herein.

43. By reason of the foregoing, Plaintiff has suffered pervasive and continuing retaliatory and discriminatory hostile work environment, extreme hardship and financial loss and loss of earnings; wages and wage benefits/gifts; legal fees and costs; medical expenses; injury to reputation, both personal and professional; the impairment of his earning power; harm to his family relations; emotional and psychological injury; physical injury in the form of tremors; insomnia; headaches; stomach upset; nervousness; stress; anxiety; shame; embarrassment; loss of enjoyment of life; and interference with marital relations and companionship. Additionally, Plaintiff Lisa Karam has suffered loss of consortium.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANT COUNTY OF RENSSELAER FOR DISCRIMINATION BASED ON NATIONAL ORIGIN

44. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 43 above.

45.  By engaging in the foregoing conduct, Defendant violated rights guaranteed to Plaintiff under the Human Rights Law in that Plaintiff was subjected to disparate treatment, a hostile work environment, and otherwise discriminated against in matters relating to his employment because of his national origin.

46.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION
PURSUANT TO THE HUMAN RIGHTS LAW AGAINST
DEFENDANTS MAHAR; RUSSO; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN;
AND DOES FOR DISCRIMINATION BASED ON NATIONAL ORIGIN**

47.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 46 above.

48.  Defendants Mahar, Russo, Jimino, Vibert, Smith, Hendry, Baldwin, and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law.  Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

49.  Said Defendants violated rights guaranteed to Plaintiff under the Human Rights Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate treatment and discrimination in matters relating to his employment because of his national origin, and a hostile work environment.

50.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION**
**PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF**
**RENSSELAER; MAHAR; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND**
**DOES FOR DISCRIMINATION BASED ON ANCESTRY IN VIOLATION OF**
**42 U.S.C. § 1981**

51.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 50 above.

52.  Defendants County of Rensselaer, Mahar, Jimino, Vibert, Smith, Hendry, Baldwin

and Does violated rights guaranteed to Plaintiff under 42 U.S.C. § 1981 in that they committed

acts of discrimination and/or personally participated in the disparate treatment and discrimination

of Plaintiff in matters relating to his employment because of his ancestry, and a hostile work

environment.

53.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and

omissions and is entitled to compensation therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS COUNTY OF**
**RENSSELAER; MAHAR; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND**
**DOES FOR DISCRIMINATION BASED ON NATIONAL ORIGIN/ANCESTRY**

54.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 53 above.

55.  Defendants County of Rensselaer, Mahar, Jimino, Vibert, Smith, Hendry, Baldwin,

and Does violated rights guaranteed to Plaintiff under the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution in that they committed acts of

discrimination and/or personally participated in the disparate treatment and discrimination of

Plaintiff in matters relating to his employment because of his national origin, and a hostile work

environment.

56.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FIFTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. 1983 AGAINST
DEFENDANTS COUNTY OF RENSSELAER
MAHAR; RUSSO; JIMINO; VIBERT; SMITH;
HENDRY; BALDWIN; AND DOES
FOR CONSPIRACY TO DISCRIMINATE BASED ON NATIONAL
<u>ORIGIN/ANCESTRY</u>**

57.   Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 56 above.

58.  Defendants Mahar; Russo; Jimino; Vibert; Smith; Hendry; Baldwin; and Does acted jointly and in concert in creating and continuing a hostile work environment based on national origin/ancestry and in treating Plaintiff disparately.

59.  Such joint activity is an additional violation of the Equal Protection Clause of the Fourteenth Amendment which prohibits conspiracies to deprive individuals of their civil rights.

60.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1985 AGAINST
DEFENDANT MAHAR; RUSSO; JIMINO; VIBERT; SMITH;
HENDRY; BALDWIN; AND DOES
FOR CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS
<u>RIGHTS TO BE FREE FROM RACE DISCRIMINATION</u>**

61.   Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 60 above.

62.  Defendants Mahar; Russo; Jimino; Vibert; Smith; Hendry; Baldwin; and Does acted jointly and in concert in creating and continuing a hostile work environment based on national

origin/ancestry and in treating Plaintiff disparately.

63. Such joint activity is a violation of 42 U.S.C. § 1985.

64. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**PURSUANT TO 42 U.S.C. § 1986 AGAINST DEFENDANTS**
**JIMINO AND HENDRY AND  FOR NEGLECTING TO PREVENT A § 1985**
**CONSPIRACY**

65. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 64 above.

66. Defendants Jimino and Hendry, despite having the power to prevent and correct the unlawful conduct proscribed by 42 U.S.C. § 1985 failed and refused to do so.

67. Plaintiff sustained damages by reason of the Defendants' neglect and is entitled to compensation therefor.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK**
**CONSTITUTION ARTICLE I, § 11 AGAINST DEFENDANTS**
**DEFENDANTS COUNTY OF RENSSELAER**
**MAHAR; RUSSO; JIMINO; VIBERT; SMITH;**
**HENDRY; BALDWIN; AND DOES**

68. Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 67 above.

69. Defendants, through acts of omission or commission, violated Plaintiff's right to equal protection of the laws of the State of New York, pursuant to Article I, § 11 of the Constitution of the State of New York in that Plaintiff has been discriminated against based on national origin/ancestry.

-16-

70. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A NINTH CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER
NEW YORK CIVIL RIGHTS LAW § 40-c AGAINST DEFENDANTS
DEFENDANTS COUNTY OF RENSSELAER
MAHAR; RUSSO; JIMINO; VIBERT; SMITH;
<u>HENDRY; BALDWIN; AND DOES</u>**

71. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 70 above.

72. Defendants, through acts of omission or commission, violated Plaintiff's right to equal protection of the laws of the State of New York.

73. Defendants, through acts of omission or commission, subjected Plaintiff to discrimination in his civil rights.

74. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A TENTH CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CIVIL
RIGHTS LAW § 79-n AGAINST DEFENDANTS COUNTY OF RENSSELAER;
MAHAR; RUSSO; JIMINO; VIBERT; SMITH;
<u>HENDRY; BALDWIN; AND DOES</u>**

75. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 74 above.

76. Defendants, through acts of omission or commission, intentionally selected Plaintiff for harm, and caused Plaintiff injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Plaintiff's national origin.

77. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff

suffered injury and harm as set forth herein and is entitled to compensation and punitive damages as well as declaratory and injunctive relief.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## PURSUANT TO TITLE II OF THE ADA AGAINST DEFENDANT
## COUNTY OF RENSSELAER FOR DISCRIMINATION

78.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 77 above.

79.  Plaintiff is an individual with a disability pursuant to the definition of same under Title II of the Americans with Disabilities Act.

80.  Plaintiff is otherwise qualified to perform the duties and functions of his employment with Defendant County of Rensselaer, a provider of services, programs, and activities of local government.

81.  Plaintiff was discriminated against by Defendant on the basis of Plaintiff's disability and/or perceived disability, as set forth in the instant pleading.

82.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## PURSUANT TO THE REHABILITATION ACT
## AGAINST THE DEFENDANT COUNTY OF RENSSELAER FOR DISCRIMINATION

83.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 82 above.

84.  Plaintiff has a right not to be discriminated against on the basis of disability and/or Defendants' perception of his disability.

85.  Defendant County of Rensselaer, a recipient of Federal funding, deprived Plaintiff of

that right and is liable for such deprivation under the Rehabilitation Act.

86. Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANT COUNTY OF RENSSELAER FOR DISCRIMINATION BASED ON DISABILITY AND/OR PERCEIVED DISABILITY

87. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 86 above.

88. By engaging in the foregoing conduct, Defendant employer violated rights guaranteed to the Plaintiff under the Human Rights Law in that Plaintiff was subjected to disparate treatment, a hostile work environment, and otherwise discriminated against in matters relating to his employment because of his disability and/or Defendants' perception of his disability.

89. Plaintiff has sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW AGAINST DEFENDANTS MAHAR; RUSSO; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND DOES FOR DISCRIMINATION BASED ON DISABILITY AND/OR PERCEIVED DISABILITY

90. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 89 above.

91. Defendants Mahar, Russo, Jimino, Vibert, Smith, Hendry, Baldwin, and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law. Alternatively, said

Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

92. Said Defendants violated rights guaranteed to the Plaintiff under the Human Rights Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate treatment and discrimination in matters relating to his employment because of his disability and/or Defendants' perception of his disability.

93. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK CIVIL**
**RIGHTS LAW § 79-n AGAINST DEFENDANTS COUNTY OF RENSSELAER;**
**MAHAR; RUSSO; JIMINO; VIBERT; SMITH;**
**HENDRY; BALDWIN; AND DOES**

94. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 93 above.

95. Defendants, through acts of omission or commission, intentionally selected Plaintiff for harm, and caused Plaintiff injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Plaintiff's disability.

96. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff suffered injury and harm as set forth herein and is entitled to compensation and punitive damages as well as declaratory and injunctive relief.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
**PURSUANT TO THE HUMAN RIGHTS LAW AGAINST**
**DEFENDANT COUNTY OF RENSSELAER FOR RETALIATION**

97. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 96 above.

98.  By engaging in the foregoing conduct, Defendant employer violated rights guaranteed to the Plaintiff under the Human Rights Law in that Plaintiff was retaliated against for opposing discrimination and participating in the administrative exhaustion processes.

99.  Plaintiff sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
**PURSUANT TO THE HUMAN RIGHTS LAW AGAINST**
**DEFENDANTS MAHAR; RUSSO; JIMINO; VIBERT; SMITH;**
**HENDRY; BALDWIN; AND DOES FOR RETALIATION**

100.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 99 above.

101.  Defendants Mahar, Russo, Jimino, Vibert, Smith, Hendry, Baldwin, and Does, due to their power to do more than carry out personnel decisions made by others in the course of their employment, are considered "employers" under the Human Rights Law.  Alternatively, said Defendants are "aiders and abettors" pursuant to N.Y. Exec. Law § 296(6) and therefore their discrimination and/or retaliation is unlawful.

102.  Said Defendants violated rights guaranteed to the Plaintiff under the Human Rights Law in that they subjected or aided and abetted others in subjecting Plaintiff to disparate treatment and discrimination in matters relating to his employment because of his opposition to discrimination and his participation in the administrative exhaustion processes.

103.  Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST
## DEFENDANTS COUNTY OF RENSSELAER; MAHAR; RUSSO; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND DOES FOR RETALIATION
## IN VIOLATION OF 42 U.S.C. § 1981

104. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 103 above.

105. By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was retaliated against for opposing discrimination based on ancestry.

106. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS
## COUNTY OF RENSSELAER; MAHAR; RUSSO; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND DOES
## FOR RETALIATION

107. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 106 above.

108. By engaging in the foregoing conduct, Defendants violated rights guaranteed to the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was retaliated against for opposing discrimination in public employment and expression on matters of public concern.

109. Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE NEW YORK
## CONSTITUTION ARTICLE I, § 8 AGAINST DEFENDANTS
## COUNTY OF RENSSELAER; MAHAR; RUSSO; JIMINO; VIBERT; SMITH;
## HENDRY; BALDWIN; AND DOES

110.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraph 1 through 109 above.

111.  Defendants, through acts of omission or commission, violated Plaintiff's right to free speech, pursuant to Article I, § 8 of the Constitution of the State of New York in that Plaintiff was retaliated against for opposing discrimination in public employment and expression on matters of public concern.

112.  Plaintiff sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
## AGAINST DEFENDANT COUNTY OF RENSSELAER
## PURSUANT TO TITLE V OF THE ADA

113.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 112 above.

114.  Plaintiff requested reasonable accommodation for his disability, made complaints of disability discrimination, and otherwise engaged in protected activity as set forth above.

115.  Plaintiff was subjected to adverse actions by the County of Rensselaer, in retaliation for engaging in such protected activity, *inter alia*, disparate terms and conditions of Plaintiff's employment, intimidation and disparate treatment.

116.  Defendant's retaliatory acts and omissions violated the anti-retaliation/coercion provisions of Title V of the Americans with Disabilities Act.

117.  As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff

has suffered injury and harm and is entitled to compensation therefor.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### AGAINST DEFENDANT COUNTY OF RENSSELAER PURSUANT TO THE
### REHABILITATION ACT FOR RETALIATION

118.  Plaintiffs repeat and re-allege each and every allegation as set forth in paragraphs 1

through 117 above.

119.  Plaintiff engaged in protected activity in that he requested reasonable

accommodation for his disability and opposed discrimination proscribed under the Rehabilitation

Act of 1973.

120.  Defendant County of Rensselaer, through acts of omission or commission, violated

Plaintiff's right to be free from retaliation for engaging in protected activity as set forth above,

under the Rehabilitation Act.

121.  Defendant has, *inter alia*, subjected Plaintiff to disparate terms and conditions of

employment, intimidation, and disparate treatment.

122.  As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff

has suffered injury and harm and is entitled to compensation therefor.

### AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### AGAINST DEFENDANT MAHAR FOR
### PRIMA FACIE TORT

123.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 122 with the same force and effect as if set forth fully herein.

124.  The aforesaid actions and inactions of Defendant Mahar were intentional and

inflicted harm upon the pecuniary interests of the Plaintiff.

125.  Upon information and belief, Defendant Mahar acted with ill will and malice towards Plaintiff and without lawful excuse or justification.

126.  As a result of the Defendants' tortious actions, Plaintiffs have sustained damages, including special damages in a sum not less than the donated sick time and the total wages and benefits that would have been received pursuant to N.Y. Gen. Mun. Law § 207-c, and are entitled to compensation therefor.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS COUNTY OF RENSSELAER; MAHAR; RUSSO; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND DOES  FOR NEGLIGENCE

127.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 126 above.

128. Defendants owed a duty to Plaintiff to conduct themselves in a manner so as to not endanger the safety or welfare of Plaintiff.

129.  Defendants breached that duty as demonstrated by their actions and omissions set forth above.

130. As a direct and proximate result of said breach, Plaintiff has sustained damages as more fully set forth above and is entitled to compensation therefor.

## AS AND FOR TWENTY-FIFTH CAUSE OF ACTION
## AGAINST DEFENDANTS COUNTY OF RENSSELAER; MAHAR; RUSSO; JIMINO; VIBERT; SMITH; HENDRY; BALDWIN; AND DOES  FOR LOSS OF CONSORTIUM

131. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 130 with the same force and effect as if set forth fully herein.

132. Plaintiff Lisa Karam's marital life and relationship with her husband has been damaged, harmed, negatively affected, and altered due to the Defendants' actions against her

husband, Plaintiff James Karam. As such, she is entitled to damages for loss of consortium.

133. Defendants' actions against Plaintiff James Karam have affected Plaintiff Lisa Karam's social and family life inasmuch as her happiness and general welfare have been disturbed. _Inter alia_, she has been deprived of her husband's comfort, participation in parenting, companionship, and support and suffered disruption to her daily life and loss of enjoyment to her daily life.

134. Plaintiff Lisa Karam has suffered harm and injury from the Defendants' actions and is entitled to compensation therefor.

## AS AND FOR A TWENTY-SIXTH CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF RENSSELAER; MAHAR; AND DOES FOR A WRIT OF MANDAMUS PURSUANT TO COMMON LAW

135. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 134 with the same force and effect as if set forth fully herein.

136. Defendants County of Rensselaer, Mahar and Does have a duty to provide Plaintiff pay and benefits pursuant to GML § 207-c. Defendants demanded Plaintiff be examined pursuant to said statute to determine whether Plaintiff's disability continues and have failed to provide a basis for non-payment of benefits, leaving Plaintiff destitute.

137. Defendants have failed to perform the duty required of them under the law in that they have, upon information and belief, denied Plaintiff's 207-c benefits and pay, deliberately delayed and/or failed to act on his application and continue to withhold benefits lawfully belonging to Plaintiff. Plaintiff is entitled to the issuance of a writ of mandamus forcing Defendants to provide Plaintiff retroactive and current pay and benefits in accordance with the law.

**AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS
COUNTY OF RENSSELAER; MAHAR; RUSSO; JIMINO; VIBERT; SMITH;
HENDRY; BALDWIN; AND DOES
FOR DISPARATE TREATMENT**

138.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 137 above with the same force and effect as if set forth fully herein.

139.  Plaintiff is a member of a class of Rensselaer County Sheriff Department employees held to a standard of strict adherence to rules and laws.

140.  Plaintiff was subjected to a series of adverse actions as set forth more fully above which were not visited upon members outside the class.

141.  No legal or rational basis exists for the disparate treatment of the Plaintiff or the members of his class.

142.  Plaintiff was deprived of his Equal Protection rights as a result of the Defendants' discriminatory treatment.

143.  As a direct and proximate result of the Defendants' unconstitutional actions, Plaintiff sustained damages as previously mentioned and is entitled to compensation therefor.

**AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS
COUNTY OF RENSSELAER; MAHAR; AND DOES
FOR DEPRIVATION OF PLAINTIFF'S DUE PROCESS RIGHTS**

144.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 143 above with the same force and effect as if set forth fully herein.

145.  As stated, Plaintiff is duly entitled to Section 207-c benefits as evidenced by Defendants' election to send Plaintiff for a medical examination as to the continuing nature of his qualifying disability.  Accordingly, Plaintiff has a property interest in Section 207-c benefits.

146.  Defendants has and is depriving Plaintiff of said property interest in failing and refusing to pay such benefits.

147.  Defendants' actions and inactions were deliberate and intentional.

148.  As a direct and proximate result of the Defendants' unconstitutional actions, Plaintiff sustained damages as previously mentioned and is entitled to compensation therefor.

## AS AND FOR A TWENTY-NINTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS COUNTY OF RENSSELAER; MAHAR; AND DOES

149.  Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 148 above.

150.  Defendants owed Plaintiff a duty to provide a timely response to his application for Section 207-c benefits.

151.  Defendants further owed Plaintiff a duty to pay his wages under Section 207-c having determined Plaintiff eligible for such benefits as explained in paragraph 39 herein.

152.  Defendants breached said duties through their actions and omissions.

153.  As a direct and proximate result of the Defendants' negligence, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.


**WHEREFORE**, Plaintiffs James Karam and Lisa Karam respectfully request judgment against the Defendants County of Rensselaer, New York; Jack Mahar; Patrick Russo; Kathleen Jimino; Ruth Vibert; Harold Smith; Tom Hendry; Linda Baldwin; and John Doe(s) and Jane Doe(s), jointly and severally, as follows:

a.  a Writ of Mandamus as requested in Plaintiffs' Twenty-Sixth Cause of Action;

b.  an Order enjoining the Defendants from further violating Plaintiff's Constitutional, statutory, contractual and common law rights;

c.  compensatory damages in an amount to be determined at trial;

d.  punitive damages in an amount to be determined at trial;

e.  reasonable attorneys' fees and costs as provided by law;

f.  declaratory relief finding each Defendant violated Plaintiff's Constitutional, statutory, contractual and common law rights;

g.  for the First through Twenty-Ninth Causes of Action, granting the following injunctive relief:

1.  Restraining the Defendants from engaging in further retaliatory and/or discriminatory treatment;

2. Require the Defendants to review and correct all Unconstitutional, retaliatory and discriminatory treatment and conduct within the Rensselaer County Sheriff's Department;

3. Provide equal opportunities, terms, benefits, and pay to all employees in the Rensselaer County Sheriff's Department;

4. Mandate training and educational programs for employees about retaliation and discrimination;

5. Require annual reports demonstrating efforts and success at compliance in providing a retaliation and discrimination free workplace; and

6.  Require the investigation and if appropriate, discipline of officials, employees, and agents who have violated the rules and laws of the United States, State of New York, and County of Rensselaer; and

h.  such other and further relief the Court deems just and proper.

Dated: August 19, 2013
at Rome, New York

s/A.J. Bosman

_____

A.J. Bosman, Esq.
Bosman Law Firm, L.L.C.

Office and Post Office Address:
6599 Martin Street
Rome, New York 13440
(315) 336-9130
(315) 336-9100 (fax)

Attorneys for Plaintiffs